J-S10008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ANTHONY BROWN | : | |
| Appellant | : | No. 1184 EDA 2017 |

Appeal from the PCRA Order March 16, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002243-2011

BEFORE:  BOWES, J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY BOWES, J.:                    **FILED JUNE 22, 2018**

Anthony Brown appeals *pro se* from the order dismissing his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

In 2013, a jury convicted Appellant of first-degree murder and possession of an instrument of crime ("PIC") in connection with the shooting death of his brother, Rodney Brown.  The trial court sentenced him to life in prison without the possibility of parole on the murder conviction, and a concurrent term of two and one-half to five years in prison on the PIC conviction.  On March 18, 2015, this Court affirmed Appellant's judgment of sentence, and our Supreme Court denied allowance of appeal on November 2, 2015.  *See Commonwealth v. Brown*, 120 A.2d 1058 (Pa.Super. 2015) (unpublished memorandum), *appeal denied*, 126 A.3d 1282 (Pa. 2015).

On December 16, 2015, Appellant timely filed the instant PCRA petition. He thereafter filed four *pro se* supplemental petitions. The PCRA court appointed counsel, who filed a petition to withdraw as counsel and a **Turner**/**Finley**[1] no-merit letter addressing thirteen claims that Appellant had raised in his *pro se* petitions. Appellant filed a *pro se* response to the no-merit letter, claiming that PCRA counsel was ineffective for failing to file an amended petition raising Appellant's "thirteen (13) meritorious [claims] and Supplements' [*sic*] thereof." *Pro Se* Response to **Turner**/**Finley** No-Merit Letter, 1/6/17, at 3. PCRA counsel thereafter filed a supplemental no-merit letter addressing an additional claim that Appellant had purported to raise in his *pro se* petitions, relating to trial counsel's failure to challenge test results indicating the presence of gunshot residue on Appellant's clothing.

The PCRA court issued notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss the petition without a hearing, and Appellant filed a *pro se* response thereto alleging PCRA counsel's ineffectiveness in failing to address his fourteenth claim in the initial no-merit letter and the claims addressed in his third and fourth supplemental petitions.[2] On March 16, 2017, the PCRA

---

[1] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[2] Much of Appellant's response is rambling, incoherent and disputatious. However, it appears that he intended to claim that PCRA counsel failed to raise an illegal sentencing challenge under *Montgomery v. Louisiana*, 136 S. Ct. 718 (2015) and *Alleyne v. United States*, 70 U.S. 99 (2013).

court entered an order granting PCRA counsel's request to withdraw from representation, and dismissing the petition. Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.[3]

Appellant raises the following issues for our review:

    a. [T]rial counsel failed to object to the highly prejudicial & inflammatory opening/closing arguments of the Commonwealth which served to severely prejudice [A]ppellant;

    b. [T]rial counsels [*sic*] ineffectiveness when failing to rehabilitate the purported "incriminating/inculpatory" statements of [A]ppellant when stating to police that he believed he identified damage to the front door, where said ineffectiveness only served to prejudice [A]ppellant;

    c. [T]rial counsel failed to move to strike/move for mistrial and/or seek curative instruction relating to witness Sharon Keys [*sic*] highly prejudicial, speculative and conjecturous [*sic*] testimony which served only to prejudice [A]ppellant;

---

[3] We further observe that Appellant raised ten claims in his court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. However, in his appellate brief, he raises seven new claims that were not presented in his concise statement or raised before the PCRA court. Ordinarily, any issues not raised in the concise statement are waived. **See** Pa.R.A.P. 1925(b)(4)(vii); **see also Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998). However, where the PCRA court's order directing an appellant to file a concise statement does not comply with the dictates of Rule 1925(b)(3), waiver under subsection (b)(4)(vii) is inappropriate. **See Berg v. Nationwide Mut. Ins. Co.**, 6 A.3d 1002, 1011 (Pa. 2010) (plurality). Here, the PCRA court's Pa.R.A.P. 1925(b) order did not comply with the requirements of subsection (b)(3). Accordingly, we may not find waiver of Appellant's claims pursuant to subsection (b)(4)(vii).

    d. [T]rial counsel failed to object to the highly prejudicial testimony of Henry Clinton, Esq., seeking to strike, move for mistrial and/or seeking curative instruction where the testimony only served to prejudice [A]ppellant;

    e. [T]rial counsel failed to object to the highly prejudicial testimony of Officer Anthony Mergiotti, where said testimony served only to mislead the jury, and severely prejudice [A]ppellant;

    f. Appellate counsel was ineffective when failing to raise, argue and brief the meritorious claim of the trial courts [*sic*] abuse of discretion/error as a matter of law, when admitting the purported "prior bad act" testimony which lacked a proper evidentiary basis for admission [*sic*] also served only to severely prejudice [A]ppellant;

    g. PCRA counsel rendered ineffective assistance when failing to identify, raise and argue trial counsel's ineffectiveness when failing to object and seek curative instruction and/or mistrial upon the Commonwealth's presentation of false/misleading and highly prejudicial prior bad act testimony depriving [Appellant] a fair trial.

Appellant's brief at vi (issues renumbered for ease of disposition).

Our standard of review of the dismissal of a PCRA petition is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

- 4 -

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa.Super. 2012) (citations omitted).

Initially, we observe that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a); *see also Commonwealth v. Washington*, 927 A.2d 586, 601 (Pa. 2007) (holding that claims not raised in a PCRA petition are "waived and not cognizable on appeal").

Here, the first six issues in Appellant's statement of questions presented were not raised in his *pro se* petition, supplemental *pro se* petitions, the no-merit letter filed by his PCRA counsel, or in Appellant's response thereto. Therefore, because they were not raised in the PCRA court, they are waived on appeal. **See** Pa.R.A.P. 302(a).

Appellant's remaining issue in his statement of questions presented requires a different analysis. In that issue, he claims that PCRA counsel was ineffective. Courts in this Commonwealth have long recognized that claims of PCRA counsel's purported ineffectiveness must be specifically raised in a response to a Rule 907 notice or in a serial PCRA petition, or they are waived. **See Commonwealth v. Henkel**, 90 A.3d 16, 29 (Pa.Super. 2014); **see also Commonwealth v. Pitts**, 981 A.2d 875, 879 n.3 (Pa. 2009) (holding that a petitioner waived any issue pertaining to the adequacy of PCRA counsel's representation where he failed to raise it in his response to the PCRA court's Rule 907 notice).

Here, Appellant raised a claim of PCRA counsel's ineffectiveness in his response to the PCRA court's Rule 907 notice of its intent to dismiss the petition without a hearing. Specifically, Appellant claimed that PCRA counsel was ineffective for failing to address his fourteenth claim in the initial no-merit letter and illegal sentencing claims addressed in his third and fourth supplemental petitions. *See Pro Se* Response to Rule 907 Notice, 2/2/17, at 5. However, on appeal, Appellant appears to have abandoned that claim and, instead, raises a different claim of PCRA counsel's ineffectiveness; namely, that PCRA counsel was ineffective for failing to raise a layered ineffectiveness claim that trial counsel failed to object to prior bad act testimony. Because Appellant failed to raise this particular claim of PCRA counsel's ineffectiveness claim in response to the PCRA court's Rule 907 notice, he failed to preserve it for our review. *See Henkel*, *supra*.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/18